1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:11-cr-05173-DGE-1 |
| Plaintiff, | ORDER REQUESTING |
| v. | ADDITIONAL BRIEFING |
| THEVY PLOM, | |
| Defendant. | |

This matter comes before the Court on the Government's motion for a Preliminary Order of Forfeiture of Substitute Assets pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e)(1)(B) and 32.2(e)(2).  (Dkt. No. 37.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 17, 2011, the United States charged Defendant with one count of Unlawful Access of a Protected Computer, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i). (Dkt. No. 4.)  The Government alleged Defendant used an internet connected computer at his place of work, the Washington Department of Social and Health Services, to access detailed

ORDER REQUESTING ADDITIONAL BRIEFING - 1

employment data maintained by the Washington State Employment Security Department, which Defendant then sold to third parties that sought this information to serve legal papers, garnish wages, and enforce judgments.  (*Id*.)

On March 29, 2011, Defendant pleaded guilty to this offense.  (Dkt. No. 8.)  As part of the plea agreement, Defendant agreed to forfeit to the United States his right, title, and interest in any property constituting or derived from proceeds he obtained from the offense, including but not limited to a money judgment in the amount of $108,000.00.  (*Id*.)  On April 14, 2011, the Court accepted Defendant's guilty plea.  (Dkt. No. 13.)

On July 18, 2011, the Court entered an Order of Forfeiture ordering Defendant to forfeit to the United States a money judgment in the sum of $108,000.00.  (Dkt. No. 22.)  The Court further ordered that the United States may, at any time, move pursuant to Federal Rule of Criminal Procedure 32.2(e) to amend the Order of Forfeiture to substitute property to satisfy the money judgment in whole or in part.  (*Id*.)  The Court also sentenced Defendant to 21 months in prison and three years of supervised release.  (Dkt. No. 23.)  Defendant's period of supervised release was terminated on October 21, 2014.  (Dkt. No. 31.)

On May 25, 2022, the Government filed the instant motion.  (Dkt. No. 37.)  The Government contends that since September 2017, it has captured $12,587.40 in Social Security payments to Defendant through the Treasury Offset Program ("TOP"), which it seeks as a substitute asset to be applied to Defendant's outstanding forfeiture judgment.  (*Id*.)  The outstanding balance remaining on Defendant's forfeiture money judgment is $105,714.95.  (Dkt. No. 38.)

1

## II.    LEGAL STANDARD

2      Federal Rule of Criminal Procedure 32.2(e)(1)(B) provides that on the government's

3  motion, the court may at any time enter an order of forfeiture or amend an existing order of

4  forfeiture to include property that "is substitute property that qualifies for forfeiture under an

5  applicable statute."  If the government shows that the property is subject to forfeiture under Rule

6  32.2(e)(1), the court "must … enter an order forfeiting that property, or amend an existing

7  preliminary or final order to include it."  Fed. R. Crim. P. 32.2(e)(2)(A).  Subdivision (e) of Rule

8  32 "makes clear, as courts have found, that the court retains jurisdiction to amend the order of

9  forfeiture at any time to include … any substitute property."  Fed. R. Crim. P. 32.2, Advisory

10  Committee Note on Rules — 2000 Amendment.

11      The law is clear that upon conviction, the government may seize forfeitable assets of the

12  defendant, and further provides that if forfeitable assets are unreachable by the government,

13  "the court shall order the forfeiture of substitute assets: property of the defendant that is

14  not connected to the underlying crime."  *United States v. Ripinsky*, 20 F.3d 359, 361–62 (9th

15  Cir. 1994), citing 21 U.S.C. § 853(p).

16      21 U.S.C. § 853(p) states that if the tainted property subject to forfeiture is unavailable

17  due to certain acts or omissions of the defendant, the court must order the forfeiture of "any other

18  property of the defendant"—including untainted assets—up to the value of the directly

19  forfeitable property.  *United States v. Najad*, 933 F.3d 1162, 1165 (9th Cir. 2019), citing 21

20  U.S.C. § 853(p)(2).

21      21 U.S.C. § 853(p)(1)–(2) provides that the court shall order the forfeiture of substitute

22  property if, as a result of any act or omission of the defendant, the property subject to criminal

23  forfeiture:

24

ORDER REQUESTING ADDITIONAL BRIEFING - 3

1    (A) cannot be located upon the exercise of due diligence;

2    (B) has been transferred or sold to, or deposited with, a third party;

3    (C) has been placed beyond the jurisdiction of the court;

4    (D) has been substantially diminished in value; or

5    (E) has been commingled with other property which cannot be divided without difficulty.

6    Here, the Government contends that Defendant no longer has access to the proceeds of

7    his crime, in part due to a costly child custody dispute and a gambling problem, which were

8    themselves partly responsible for Defendant's decision to engage in criminal conduct.  (Dkt.

9    Nos. 17, 37, and 38.)

10    The Government contends that Defendant's Social Security payments qualify for

11    forfeiture under the Debt Collection Improvement Act of 1996, which initially established the

12    Treasury Offset Program and authorized the United States to collect delinquent federal debts.

13    (Dkt. No. 37 at 3.)

14                                 **III.    DISCUSSION**

15    Under federal regulations, "offset" occurs when the federal government withholds part or

16    all of a debtor's federal payment to satisfy the debtor's delinquent debt owed to the government.

17    31 C.F.R. § 285.5(a)(1).  As relevant here, "administrative offset" means "withholding funds

18    payable by the United States (including funds payable by the United States on behalf of a State

19    government) to, or held by the United States for, a person to satisfy a claim."  31 U.S.C. §

20    3701(a)(1).

21    The Government's authority to use administrative offsets is statutory.  *Astrue v. Ratliff*,

22    560 U.S. 586, 589-90 (2010).  Congress has subjected to offset all "funds payable by the United

23    States," unless payment is exempted by statute.  (*Id*.); 31 C.F.R. § 285.5(e)(1) (providing a non-

24

ORDER REQUESTING ADDITIONAL BRIEFING - 4

1    exhaustive list of federal payments eligible for offset, and noting that, except for certain limited

2    exclusions, "all" federal payments are eligible for offset.)

3            Social Security benefit payments are subject to offset under 31 U.S.C. §

4    3716(c)(3)(A)(i)(I).  *See also* 31 C.F.R. § 285.5(e)(3)(A) (noting that specific rules apply with

5    respect to the offset of Social Security benefit payments, excluding Supplemental Security

6    Income payments).

7            However, the applicable federal regulation also excludes from offset payments made

8    under any program for which the Secretary of the Treasury "has granted an exemption in

9    accordance with the provisions of 31 U.S.C. § 3716(c)(3)(B)."  31 C.F.R. § 285.5(e)(2)(vi).  §

10   3716(c)(3)(B) provides that the Secretary of the Treasury shall exempt from administrative offset

11   payments made under "means-tested programs when requested by the head of the respective

12   agency."

13           For Social Security and Supplemental Security Income debtors to be eligible for TOP

14   referral, they must "not currently be receiving benefits."  https://faq.ssa.gov/en-

15   us/Topic/article/KA-10021.   The Social Security Administration exempts certain payments from

16   Benefit Payment Offset ("BPO"), a process authorized by the Debt Collection Improvement Act

17   of 1996 which involves the offset of Social Security's Title II benefit payments to recover

18   delinquent non-tax debts owed to other Federal agencies.  Program Operations Manual System

19   ("POMS") GN 02410.300; *see Carillo-Years v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (noting

20   that POMS, an internal agency document used by employees to process claims, does not impose

21   judicially enforceable duties on the court, but may be "entitled to respect" to the extent it

22   provides a persuasive interpretation of an ambiguous regulation.)

23

24

POMS provides that certain payments under the Social Security Act are exempt from the BPO process, including Title XVI SSI payments, for which the agency has requested and been granted an exemption under a law that allows the head of an agency to request an exemption for means tested payments.  POMS GN 02410.300.  This appears to be a reference to § 3716(c)(3)(B).

The record is unclear concerning whether the payments made to Mr. Plom by the Social Security Administration were benefits provided under the agency's disability program, and if so, whether Defendant was receiving Supplemental Security Income benefits under 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act, or Disability Insurance Benefits pursuant to 42 U.S.C. § 423 (Title II).

Defendant has applied for disability benefits in the past, and underwent a psychological evaluation to determine if he was eligible for Social Security disability benefits.  (Dkt. Nos. 17 and 19.)  In his financial affidavit filed in July 2010, Defendant listed as a source of income "SSA/DIS", and reported receiving $1,625.00 from this source in the preceding 12 months.  (Dkt. No. 1.)

The record is unclear concerning whether any of the funds Mr. Plom is receiving, or has received, were distributed pursuant to a means-tested program such as the SSI program, and if so, whether those funds are exempt from forfeiture.  Determining whether any of the Social Security funds sought by the Government are exempt from forfeiture is necessary before the Court can rule on the Government's motion.

Accordingly, the Court requests additional briefing from the Government on the following questions:

ORDER REQUESTING ADDITIONAL BRIEFING - 6

(1) Does any of the $12,587.40 in Social Security payments sought by the Government in its motion (Dkt. No. 37) include funds paid to Mr. Plom by the Social Security Administration's disability program?

(2) If so, were any of these payments from the SSI program? If they were, are these funds exempt from forfeiture under the statutes, regulations, and administrative guidance cited by the Court, or under any other applicable provisions?

Additional briefing should be **no more than three pages** not including heading and signature line.  Briefing is due by **July 28, 2022.**  The Court notes that Jesse Guerrero Cantor of the Federal Public Defender's Office is still listed as Mr. Plom's attorney of record, even though there has been no other activity in this case for nearly six years.  (Dkt. No. 29.)  If the Federal Defender's Office wishes to provide a response to the Government's briefing, it may do so by **August 11, 2022.**  If the Federal Defender's Office wishes to withdraw from representing Mr. Plom, it should inform both the Court and Mr. Plom as soon as possible.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of July, 2022.

David G. Estudillo
United States District Judge

ORDER REQUESTING ADDITIONAL BRIEFING - 7