The Hon. David G. Estudillo

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>THEVY PLOM,<br><br>    Defendant. | NO. CR11-5173-DGE<br><br>**PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE ASSETS (Dkt. No. 48)** |

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture of Substitute Assets (the "Motion") seeking to forfeit to the United States, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B) and 32.2(e)(2), an accumulated $7,980.72 in federal payments, and future payments, collected through the Treasury Offset Program ("TOP"), to be used to partially satisfy Defendant's outstanding forfeiture money judgment, the current balance of which is $93,127.55. (Dkt. No. 48.)

On September 10, 2024, the Court requested a response from the Federal Public Defender's office to the Government's motion. (Dkt. No. 50.) On October 3, 2024, the Federal Defender filed a response. (Dkt. No. 53.) The Defender's office argues the Court should deny the Government's motion until the Government can prove: 1) the source of funds collected from Defendant via the Treasury Offset Program, and 2) that the collected funds comply with the limitations set forth in federal statutes and the Code of Federal Regulations. (*Id.*) Defendant

cites 31 U.S.C. § 3716, which exempts from offset the amount of $9,000 per 12-month period. (*Id.*)  Defendant also cites 31 C.F.R. § 285.5, which sets forth other limitations on the amount the Government can collect from benefit payments via offset.  (*Id.*)  Defendant argues the Government's motion and its supporting declaration do not specify whether the collection of Defendant's Social Security disability benefits complies with these exemptions.  (*Id.*)  In its reply, the Government contends it does not possess the information Defendant seeks concerning the source, character, and full amount of his benefits.  (Dkt. No. 54.)

While Defendant appears to have accurately characterized the existing limitations on the amount the Government can collect from benefit payments via offset, Defendant has not cited any authority for the proposition that the Government must certify or otherwise affirmatively confirm compliance with these limitations before the Court can grant a motion for forfeiture of substitute assets.  Nor has Defendant actually alleged the Government has exceeded these limits when offsetting Defendant's benefit payments, even though the relevant information appears to be in Defendant's possession.  The Court will reconsider its order if Defendant can cite authority to support the conclusion that certification of compliance with the statute and regulations discussed above is required before the Court can grant the Government's motion, or if Defendant can produce evidence that the Government has exceeded the limits set forth therein.

Accordingly, the Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS that entry of a Preliminary Order of Forfeiture of Substitute Assets is appropriate because of the following:

- On July 18, 2011, the Court entered an Order of Forfeiture pursuant to 18 U.S.C. § 853(a), forfeiting a judgment in the sum of $108,000, representing the proceeds Defendant Plom obtained from his *Unlawful Access of a Protected Computer* offense, in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i), and to which he entered a guilty plea. Dkt. Nos. 8, 22.

- The Order of Forfeiture provided that the United States may, at any time, move pursuant to Rule 32.2(e) to substitute property having a value not to exceed $108,000 to satisfy the money judgment in whole or in part. Dkt. No. 22.
- As of August 7, 2024, $93,127.55 of the $108,000 forfeiture money judgment remains unpaid. *See* Declaration of Rony Gilot, Deputy United States Marshal ("Gilot Decl.") ¶ 15.
- Defendant was entered into the TOP program on or about June 27, 2016. *Id.*, ¶11.
- The forfeiture money judgment reflects the proceeds that Defendant obtained from his offense, which the United States was unable to recover directly at the time of prosecution. Even with the exercise of due diligence, the United States has been unable to locate all of Defendant's proceeds from his offense of conviction. *Id.*, ¶¶16-27.
- The United States has complied with the requirements of 21 U.S.C. § 853(p)(1)(A).
- The United States has established by a preponderance of the evidence that the above-identified $7,980.72 in payments collected by the Treasury Offset Program, as well as any future TOP offsets collected, are Defendant Plom's property, may be forfeited as substitute property, and may be applied against the outstanding forfeiture money judgment.

NOW, THEREFORE, THE COURT ORDERS:

1. The above-identified $7,980.72 in U.S. funds collected by TOP, as well as any payments collected in the future, are hereby forfeited as substitute assets and shall be applied to Defendant Plom's outstanding forfeiture judgment, until it is satisfied;

2. The United States Department of the Treasury, and/or its authorized agents or representatives, shall maintain the above-identified $7,980.72 in U.S. funds in its custody and control until further order of this Court;

3. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and (e) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and the United States' intent to dispose of the funds as permitted by governing law. The notice shall be posted on an official government website—www.forfeiture.gov—for at least 30 days. For any person known to have alleged an interest in the above-identified funds, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the funds must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last day of publication), or within 30 days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the funds;

    b. shall be signed by the petitioner under penalty of perjury; and,

    c. shall set forth the nature and extent of the petitioner's right, title, or interest in the funds as well as any facts supporting the petitioner's claim and the specific relief sought;

4. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the funds, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(b)(4) and (c)(2);

5. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues presented by that petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing is conducted on the petition. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and (e)(2) and 21 U.S.C. § 853(n) and (p), reflecting that adjudication;

6. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED

DATED this 20th day of November, 2024.

David G. Estudillo
United States District Judge